## Stout et al. v. Bradley et al.

(Decided April 30, 1935.)

LAURENCE B. FINN for appellants.

RODES & HARLIN for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellants, John L. Stout, Guy Herdman, and Virgil J. Pritchett, attorneys at law, represented Mrs. Beulah Taylor De France individually and in her representative capacity in the settlement of the estate of her mother, Mrs. Nannie C. Taylor. In the settlement suit in the Cumberland circuit court, the appellants were allowed by the court and paid a fee of $500. Mrs. De France also paid them a fee of $500 for services rendered to her individually. The litigation was somewhat involved, and the fees were not unreasonable. The appellees Pauline Bradley, Henry Bradley, and Camilla Gerard are partners engaged in the undertaking business under the firm name of Eugene Gerard & Co. Under a contract with Mrs. De France, they buried Mrs. Taylor. The funeral bill amounted to $490.20. They did not file their claim in the settlement suit, and, after the estate of Mrs. Taylor had been settled and Mrs. De France had left the state, they filed a petition in equity in the Cumberland circuit court, in which Mrs. De France, the appellants and the creditors of Mrs. Taylor whose claims had been allowed were made defendants.

They alleged that $500 had been wrongfully allowed and paid to appellants, and they asked that the order of allowance in the settlement suit be set aside and that appellants be required to pay into court the sum of $500 and that their claim be paid out of such sum. Their action was based on the theory that appellants had made certain fraudulent representations to them in regard to the solvency of the estate of Mrs. Taylor, thereby causing them to omit the filing of their claim in the settlement suit and that appellants had aided and assisted Beulah Taylor De France in defrauding the appellees. Considerable proof was heard and the circuit court adjudged that appellants were not entitled to $500 which had been paid to them under an order of the court in the settlement suit, and that such sum should be paid into court by the appellants. The case before us is, in effect, a suit against the attorneys to require them to pay the funeral bill out of the attorneys' fee they had collected. A careful reading of the pleadings fails to disclose that a cause of action was stated against the appellants. A brief history of the proceedings leading up to this litigation will assist in an understanding of the controversy.

Mrs. Nannie C. Taylor owned a large farm in Cumberland county. In 1928 she went to Bowling Green to

live with her daughter, Mrs. Beulah Taylor De France, her only child. On July 23, 1928, she conveyed her farm in Cumberland county to her daughter, who immediately employed H. P. Rogers, a real estate agent, to sell the farm. There was some question concerning Mrs. Taylor's mental capacity at the time, and it was understood that any sale by Rogers was subject to the procurement of affidavits of two reputable physicians that Mrs. Taylor was competent to make the deed to Mrs. De France. Rogers found a purchaser for the land at a price of $11,000. The sale was not consummated, however, since the necessary affidavits of two physicians that Mrs. Taylor was competent to execute a deed could not be obtained. Rogers claimed his commission of $1,165, and Mrs. De France executed a mortgage on the land to secure the payment of the commission. At an inquest held in the Warren circuit court, Mrs. Taylor was adjudged incompetent, and her daughter was appointed committee for her. In February, 1929, as committee for her mother, Mrs. De France filed a suit in equity in the Cumberland circuit court against Mrs. Nannie C. Taylor and a number of Mrs. Taylor's creditors, whose debts were secured by mortgages on the land. She asked that the deed which her mother had executed to her be canceled on the ground that Mrs. Taylor was incompetent at the time she signed it, and she asked that the land be sold for the purpose of paying the mortgage debts. Appellants represented Mrs. De France in that suit. Rogers filed an intervening petition, seeking a judgment against Mrs. De France on his mortgage of $1,165. Sampson Thurman, who was the purchaser obtained by Rogers, also filed an intervening petition against Mrs. De France, claiming the land under the purchase. Other suits by lien creditors were pending, and all of them were consolidated with the action brought by Mrs. De France as committee.

Before all the proof had been taken, the property was ordered sold, the proceeds to be held subject to the future orders of the court. The property was sold by the master commissioner, and brought $12,445. Mrs. Taylor died on June 15, 1930, during the pendency of the action, and her daughter was appointed her administratrix. The action was revived in the name of Beulah Taylor De France as administratrix, and the cause was referred to the master commissioner to take proof

of the claims against the estate of Mrs. Nannie C. Taylor. Mrs. Beulah Taylor De France filed a claim against her mother's estate for $2,370 and her husband, B. K. De France, filed a claim of $420 both of which were allowed. Numerous other claims were allowed, and, after the payment of all claims and costs, including the attorneys' fee allowed to appellants, a balance of $281.59 remained, which was paid to Beulah Taylor De France as the only heir of Mrs. Taylor. After the land had been sold, the circuit court adjudged that the deed executed by Mrs. Taylor to her daughter in 1928 was valid, though all the proof as to her mental capacity at the time was to the effect that she was incompetent to make a deed. However, all claims filed by her creditors in the case and proved were allowed and paid. The appellees failed to file their claim, and, after Mrs. De France had received the balance of the proceeds of the farm and had left the state, they brought this action, seeking payment of their claim from the money that had been paid to appellants as attorneys' fees.

The allegations of their petition, in so far as they are pertinent, are as follows:

"They further allege that the said Beulah Taylor DeFrance being the only child of the said Nannie C. Taylor, and who lived with the said Nannie C. Taylor previous to and at the time of her death, immediately upon the death of her mother and within a few hours thereafter, came to this petitioner and plaintiff and sought to obtain a casket and all the necessary goods and merchandise for the burial of the said Nannie C. Taylor and selected the same from the stock of the said Eugene Gerard Company and agreed upon the price therefor and represented to the said Eugene Gerard Company that her mother had a large estate in Cumberland county which would be settled very shortly, within a very few weeks, and there was ample property and means belonging to the estate of her mother and more than enough to pay for such funeral expenses and to pay the said Eugene Gerard Company the full amount for said bills and for said burial outfit, which amounts to $——— and that the said Eugene Gerard Company upon the suggestion of the said Beulah Taylor DeFrance had inquiry made from the defendant herein, John L. Stout, who

was at that time attorney for said Beulah Taylor DeFrance and her husband in all of these suits or matters then pending pertaining to the estate of Nannie C. Taylor and that the said John L. Stout who was familiar with the affairs and the estate of said Nannie C. Taylor, informed the said Eugene Gerard Company and their representatives, that he did have knowledge concerning said estate in Cumberland county of the said Nannie C. Taylor, and that although there were some claims against said estate, that with them there was more than sufficient funds and estate in Cumberland county to pay all debts and to fully satisfy and pay the said Eugene Gerard Company for the bill of goods and merchandise and services it had been called upon to render in the preparation for and burial of the said Nannie C. Taylor. That the said Eugene Gerard Company acted upon the representation of the said Beulah Taylor DeFrance and upon the representation of the said John L. Stout, that the said estate of Nannie C. Taylor was solvent and that there would be an abundance to pay said burial bill and funeral expenses, and did at once proceed to furnish and deliver the same to the said Beulah Taylor DeFrance for the burial of her mother.

"They further state that immediately following the burial of the said Nannie C. Taylor, the said Beulah Taylor DeFrance came to the office and place of business of the said Eugene Gerard Company in Bowling Green, Kentucky and requested that a statement of such account be made out forthwith for her as she desired the same to deliver to her attorney, John L. Stout, who was then preparing to go to Cumberland County to procure proper orders and finish winding up the estate of her mother and to have the proceeds distributed and the debts paid and that the said Stout would procure the money for the said Eugene Gerard Company and pay the same over to them. They further state that pursuant to such demand and request of the said Beulah Taylor DeFrance they made out such statement and delivered the same to her, and she took the same and informed them within a very short time thereafter that she had delivered such statement to her counsel, John L. Stout, her co-de-

fendant herein, and that he was then leaving for Cumberland County to wind up the estate and collect this money for the Eugene Gerard Company.

"They further state that the said Beulah Taylor DeFrance, in addition to these representations, undertook to guarantee the said Eugene Gerard Company that she would see that the said funeral bill and expenses were paid.

"They further state that they relied upon the said representations of the said Beulah Taylor DeFrance and her attorney, John L. Stout, that there was an abundance of means and money belonging to the estate of Nannie C. Taylor in Cumberland County to pay said bills and but for said representations they would not have sold nor delivered said goods and merchandise nor performed said services and that they would not have made out the statement of their account and delivered to said Beulah Taylor DeFrance except on her representation that her attorney, the defendant, John L. Stout, would collect the funds and turn it over to them."

There are other references in the petition and amended petitions to alleged representations of John L. Stout, but they are substantially of the same character as those quoted above. No facts are alleged showing fraud on the part of Mr. Stout or tending to show that there was any intention on his part to aid Mrs. De France to defraud appellees. He was representing Mrs. De France and not appellees, and no facts are alleged or proved which indicate that he knowingly misrepresented any facts to them. Appellees' bill for the funeral expenses was a preferred claim, and the alleged representation that there was ample property and means belonging to the estate of Mrs. Taylor to pay the claim was true when it was made as was the alleged representation that Mrs. Taylor left a large estate in Cumberland county which would be settled within a very few weeks. There is no allegation that these representations, if made, were untrue. The petition fails to allege facts showing that the amounts allowed to and collected by appellants as attorneys' fees were unreasonable. The petition as amended failed to state a cause of action against appellants, and the demurrer thereto should have been sustained.

A motion to strike certain portions of the transcript

from the record and to tax the cost for such portions of the transcript against the appellants has been passed to the merits. We think that the portions of the transcript referred to are necessary to a proper understanding of the case, and the motion is overruled.

For the reasons indicated, the judgment is reversed for proceedings consistent herewith.